```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA

                    CHARLESTON
```

**PATRICIA A. BURTON,**

     **Movant,**

**v.**                               **CASE NO. 2:05-cr-00155**
                                    **CASE NO. 2:11-cv-00264**

**UNITED STATES OF AMERICA,**

     **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the movant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 87, "Motion"), filed on April 20, 2011. The movant, Patricia Burton ("the defendant"), is serving a sentence of 30 years, consisting of a 20 year term on Count One (conspiracy to distribute cocaine, 21 U.S.C. § 846) and a consecutive 10 year term on Count Two (aiding and abetting the use of a firearm to commit murder during a drug crime, 18 U.S.C. §§ 924(c)(1)(A), 924(j)(1), and 2). (Judgment in a Criminal Case, ECF No. 79, at 2.) The defendant pled guilty to both counts. Id., at 1; ECF Nos. 33-35.

The defendant's attempt to take a direct appeal of her conviction and sentence was dismissed by the United States Court of Appeals for the Fourth Circuit on August 23, 2011 (ECF No. 100). The Motion was held in abeyance pending the outcome of her attempt to take a direct appeal. In that § 2255 motion, the only relief

requested is that her sentences run concurrently to each other and not consecutively (ECF No. 87, at 4).

On August 31, 2011, the Clerk received a letter from Ms. Burton, inquiring about her first § 2255 Motion, and enclosing another § 2255 motion, but this one has no grounds for relief and no specific relief is requested (ECF No. 103 at 4-9).

By Order and Notice entered September 6, 2011 (ECF No. 105), the undersigned advised the defendant that she was **PLACED ON NOTICE** that the Court would rely on the first § 2255 motion, unless Ms. Burton amended it. If Ms. Burton wished to amend her § 2255 motion, she was ordered to file the amended motion **no later than September 26, 2011**. The defendant has not filed an amended motion.

The entire statement by the defendant of her grounds for relief is as follows: "I'm only asking that my time get ran concurrent instead of consecutive." (ECF No. 87, at 4.)

The defendant's plea agreement recites that her guilty pleas to Counts One and Two exposed her to "[i]mprisonment for a period of up to 20 years on Count One followed consecutively by a minimum mandatory 10 years to life." (Plea agreement, ECF No. 35, at 4.) The plea agreement's statement that the sentences must be consecutive was based on the language in 18 U.S.C. § 924(c)(1)(A)(iii) that "any person who, during and in relation to any . . . drug trafficking crime . . ., uses or carries a firearm, . . . shall, in addition to the punishment provided for such . . .

drug trafficking crime – if the firearm is discharged, be sentenced to a term of imprisonment of not less than ten years." When the presiding District Judge, the Hon. John T. Copenhaver, Jr., imposed sentence, he remarked:

> Well, the statutory mandatory minimum on the second count is ten years. The court has taken into account both the maximum on count one and the statutory minimum on count two, and fixes a sentence at . . . thirty years.

(Tr. Disp. Hrng, ECF No. 83, at 21.) Due to the statutory provision set forth in 18 U.S.C. § 924(c)(1)(A), Judge Copenhaver had no choice but to impose a sentence on Count Two which must be served consecutively to Count One.

The undersigned proposes that the presiding District Judge **FIND** that the defendant's sole request for relief lacks merit. It is respectfully **RECOMMENDED** that the defendant's motions (ECF Nos. 87 and 103) be denied.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED,** and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to

file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the movant, and to transmit it to counsel of record.

October 18, 2011
Date

Mary E. Stanley
United States Magistrate Judge